_____

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DIVISION, DISTRICT OF UTAH
_____

| | | |
|---|---|---|
| **RUBEN TRUJILLO**, | : | Civil No. 2:11-cv-00841 |
| Plaintiff, | : | REPORT & RECOMMENDATION |
| vs. | : | DISTRICT COURT JUDGE CLARK WADDOUPS |
| **STATE OF UTAH**, | : | |
| Defendant. | | MAGISTRATE JUDGE BROOKE C. WELLS |

_____

This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) by District Court Judge Clark Waddoups.[1]  On September 16, 2011, Plaintiff Ruben Trujillo, proceeding as a pro se litigant, filed his Complaint against the State of Utah.[2]

Currently before the Court are two pending motions: 1)Plaintiff's Motion For Service of Process;[3] and 2) Plaintiff's Motion To Appoint Counsel.[4]   As outlined further below, the Court hereby recommends that this case be dismissed for failure to state a claim upon which relief may be granted.  Any remaining motions filed by plaintiff should be denied or deemed moot.

_____

[1] Document Number 7.

[2] Document Number 3.

[3] Document Number 4.

[4] Document Number 5.

Previously, the Court granted plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Because Mr. Trujillo was granted permission to proceed *in forma pauperis,* the provisions of the *in forma pauperis* statue, 28 U.S.C. § 1915 are applicable. Under § 1915 the court shall at any time, *sua sponte,* dismiss the case if the court determines that a complaint is frivolous or fails to state a claim upon which relief may be granted.[5] Generally, the court will not dismiss a complaint for failure to state a claim "'unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'"[6] In construing Mr. Trujillo's complaint, the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[7]

Mr. Trujillo is proceeding pro se, and as such the court construes his pleadings liberally and holds his submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[8] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements."[9] But,

---

[5] 28 U.S.C. § 1915(e)(2).

[6] Hall v. Bellmon, 935 F. 2d 1106, 1109 (10th Cir. 1991)(quoting, Conley v. Gibson, 335 U.S. 41, 45-46 (1957)).

[7] Id.

[8] *See,* Id.

[9] Id.

it is not the court's responsibility to assume the role of advocate for Mr. Trujillo.[10]  Even a broad reading of Mr. Trujillo's complaint does not relieve him of the burden of "alleging sufficient facts on which a recognized legal claim could be based."[11]  Often a pro se litigant is given an opportunity to remedy defects in their pleadings,[12] but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[13]

With these principles in mind the court now turns to Mr. Trujillo's complaint which appears based upon or related to his claim for discrimination against the Utah Department of Workforce Services and the Utah State Office of Rehabilitation.  This information is gleaned from the numerous "exhibits" attached to the complaint, and specifically a letter directed to Mr. Trujillo from the Department of Workforce Services.[14]  That said, the complaint itself states no facts, claims, or causes of action and is almost impossible to discern.  The body of the complaint contains several handwritten notations which include: "The purpose of the Hearing is to obtain all relevant facts concerning the issue[s] being appealed" and "The used information that the state of

---

[10] See, Id.

[11] Id.

[12] See e.g., Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990); Jaxon v, Circle K Corp., 773 F.2d 1138, 1140 (10th Cir. 1985).

[13] McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991).

[14] Document 3, September 13, 2011 Letter From Department of Workforce Services.

utah has is [sic] incorect. The Higher Court's ordered [sic] the information to be corrected."

Upon consideration thereof, this Court finds that Mr. Trujillo's complaint fails to allege sufficient facts on which a recognized legal claim could be based.[15] Because plaintiff fails to meet this minimal threshold the court hereby recommends that his complaint be dismissed for failure to state a claim upon which relief may be granted. Further, based upon the materials before it, the court finds that allowing Mr. Trujillo an opportunity to amend his complaint would be futile.[16]

Accordingly, the court recommends that Mr. Trujillo's complaint be DISMISSED and that his motion for service of process and motion to appoint counsel be denied or deemed moot.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within fourteen (14) days after being served with a copy.[17] Failure to object may constitute a waiver of objections upon subsequent review.

---

[15] Hall, at 935 F.2d at 1110.

[16] McKinney, 925 F.2d at 365.

[17] Fed. R. Civ. P. 72(b)(2).

DATED this 26th day of September, 2011.

                            BY THE COURT:

                            _____
                            Brooke C. Wells
                            United States Magistrate Judge